UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| JEFFREY ROBINSON, | ) | |
| *Plaintiff*, | ) ) ) | Case No. 2:24-cv-134 |
| v. | ) ) | Judge Atchley |
| BRIAN ELLER, UNIT MANAGER COX, and INMATE WILLIAM MOLLETT, | ) ) ) ) ) | Magistrate Judge Wyrick |
| *Defendants*. | ) | |

## MEMORANDUM OPINION AND ORDER

This pro se prisoner's civil rights action was severed from the multi-plaintiff lawsuit filed in this Court in civil action number 2:24-cv-126 [*See* Doc. 1]. Before the Court are Plaintiff Jeffrey Robinson's motion to proceed *in forma pauperis* [Doc. 2] and the complaints under 42 U.S.C. § 1983 that he signed as part of the multi-plaintiff lawsuit in No. 2:24-cv-126 [Doc. 3]. For the reasons set forth below, the Court will **GRANT** Plaintiff's motion to proceed as a pauper and **ORDER** Plaintiff to file an amended complaint.

**I.     MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee. *See* 28 U.S.C. § 1915(a). A review of Plaintiff's motion [Doc. 2] demonstrates that he lacks sufficient financial resources to pay the filing fee in a lump sum. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [*Id.*] will be **GRANTED**.

Plaintiff will be **ASSESSED** the $350.00 civil filing fee. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, United States District Court, 220

West Depot Street, Suite 200, Greeneville, Tennessee, 37743 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk will be **DIRECTED** to send a copy of this Order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's current facility to ensure compliance with the PLRA's requirements for payment of the filing fee.

## II.      SCREENING OF COMPLAINT

### A.      Standard

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even so, formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Iqbal*,

2

556 U.S. at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570.

**B.  Analysis**

The Court finds a full PLRA screening of Plaintiff's complaints is inappropriate at this time, as it is unclear in the supplemental complaints signed by Plaintiff if all the alleged constitutional violations are personally applicable to him. It does not appear that either document was written by Plaintiff [*See, e.g.*, Doc. 3 at 5, 20 (inmate Cedric Jones declaring himself author)]. And Plaintiff must file a complaint that alleges the violation of his own constitutional rights; he may not premise his § 1983 action on factual allegations made by others. *See, e.g.*, *Newsom v. Norris,* 88 F.2d 371, 381 (6th Cir. 1989) (holding that a "a prisoner who initiates a civil action challenging certain conditions at a prison facility in his individual capacity is limited to asserting alleged violations of his own constitutional rights and . . . lacks standing to assert the constitutional rights of other prisoners").

Therefore, the Court will permit Plaintiff an opportunity to file an amended complaint that alleges only the claims personal to him. Plaintiff will be permitted through **August 19, 2024**, to file an amended complaint that contains a short and plain statement of facts showing why he is entitled to relief. Plaintiff's amended complaint should not contain legal arguments or case citations. Instead, Plaintiff should make specific factual allegations of wrongdoing against identified Defendants, state where and when the wrongdoing occurred, list any harm Plaintiff has suffered as a result, and include a specific request for relief.

Plaintiff is **NOTIFIED** that this amended complaint will be the sole operative complaint that the Court considers, and therefore, it **must** be complete in and of itself and must not refer to

3

any previously filed allegations or pleadings. The Clerk is **DIRECTED** to mail Plaintiff a § 1983 form for this purpose.

Plaintiff is **NOTIFIED** that if he does not file an amended complaint by the deadline, the Court will only consider the allegations in the original complaints that are specific to him.[1] Plaintiff is **NOTIFIED** that the Court **WILL NOT** consider any further amendments and/or supplements or any other kind of motion for relief until after the Court has screened the amended complaint pursuant to the PLRA, which the Court will do as soon as practicable. Accordingly, the Court will automatically deny any requests or motions filed before the Court has completed this screening.

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to mail a copy of this Memorandum Opinion and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

5. Plaintiff shall have through August 19, 2024, to submit an amended complaint in accordance with the directives above. The Clerk is **DIRECTED** to send Plaintiff a § 1983 form for this purpose; and

6. Plaintiff must immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his address, to monitor the progress of the case, and

---

[1] The allegations specific to Plaintiff are that after Plaintiff was labeled a "snitch[,]" "prison officials failed to take additional protective steps beyond recommendation of protective custody" for him [Doc. 3 at 2, 18]. As a result, Plaintiff was raped twice by the same inmate, denied medical treatment, and Defendants "blocked his efforts to seek prosecution" [*Id.* at 7–8, 22].

4

to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**SO ORDERED.**

                                            */s/ Charles E. Atchley, Jr.*
                                            **CHARLES E. ATCHLEY JR.**
                                            **UNITED STATES DISTRICT JUDGE**