# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT GREENEVILLE

| | | |
|---|---|---|
| JEFFREY ROBINSON, | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. 2:24-cv-134 |
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| BRIAN ELLER, UNIT MANAGER COX, | ) | Magistrate Judge Wyrick |
| and INMATE WILLIAM MOLLETT, | ) | |
| | ) | |
| | ) | |
| *Defendants*. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jeffrey Robinson is a prisoner proceeding pro se and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983 [*See* Doc. 6]. Plaintiff's complaint [Doc. 3] is before the Court for screening in compliance with the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e) and 1915A, to determine whether it states a justiciable claim. For the reasons set forth below, the Court will dismiss the complaint for failure to state a claim.

## I.    SCREEENING STANDARDS

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint

"must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even so, formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Iqbal,* 556 U.S. at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570.

## II.      PLAINTIFF'S COMPLAINT

### A.      Background

This case was severed from a multi-plaintiff lawsuit with complaints that appeared to be written in the hand of someone other than Plaintiff [Doc. 1]. Therefore, after the Court opened this civil action, it ordered Plaintiff to file an amended complaint by August 19, 2024, that contained "only the claims personal to him" [Doc. 6 at 3]. The Order cautioned Plaintiff that if he failed to timely comply with the Order to file an amended complaint, the Court would only consider the allegations in the multi-plaintiff pleadings that specifically mentioned Plaintiff [*Id.* at 4]. The deadline for compliance has passed, and Plaintiff has not complied with the Court's Order to file an amended complaint. Therefore, the Court will address only the allegations in the multi-plaintiff pleadings that are specific to Plaintiff [*See* Doc. 3].

### B.      Allegations of Complaint

Plaintiff was labeled a "snitch[,]" and prison officials failed to take additional protective steps beyond recommending Plaintiff for protective custody [Doc. 3 at 2, 18]. The purpose of protective custody is to provide an additional level of safety for vulnerable inmates, but the protective custody units are run like a general population unit [*Id.* at 19]. And sometimes when an

2

inmate declines to move to a protective custody unit, he is issued a "RCA," a disciplinary offense that sometimes affects the prisoner's opportunity to be paroled [*Id.*].

Plaintiff "was forced to perform oral sex" on Defendant Inmate Mollett, and Defendants denied Plaintiff counseling or "proper medical treatment" and "blocked his efforts to seek prosecution by denying his emphatic request to file criminal charges" [*Id.* at 7, 21]. Plaintiff feared for his safety and filed multiple inmate requests and grievances, but he was sexually violated a second time [*Id.* at 7, 22]. Plaintiff's mental and physical health deteriorated as a result of Defendants' "denial of adequate protective custody protection" [*Id.* at 8]. Specifically, Plaintiff alleges "[m]ental anguish, physical and mental pain and suffering, embarrassment, and humiliation, having been sexually assaulted twice then hit in the mouth and sustaining a chip[p]ed tooth" [*Id.* at 8, 23].

Aggrieved, Plaintiff filed the instant action against Defendants Brian Eller, Unit Manager Cox, and Inmate William Mollett, seeking undisclosed monetary, injunctive, and declaratory relief [*Id.* at 2, 17].

C.    Analysis

1.    The Defendants

To state a claim against any Defendant for relief under 42 U.S.C. § 1983, Plaintiff must establish that a "person" acting "under color of" state law deprived him of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. Nothing in the complaint allows the Court to plausibly infer that Defendant Inmate Mollett was acting under color of state law at any relevant time. Accordingly, the complaint fails to state a claim as to Defendant Mollett, and he will be dismissed.

Nor does the complaint contain any factual allegations against Defendants Cox and/or Eller. And to state a claim against a defendant in his personal capacity, a plaintiff must adequately plead that the particular defendant, through his or her own actions, has violated the Constitution. *Iqbal*, 556 U.S. at 676; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted). This requirement exists because constitutional liability cannot attach to a defendant solely based on his or her position of authority. *See Iqbal*, 556 U.S. at 676 ("[O]ur precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."); *Monell*, 436 U.S. at 691 (finding that liability under § 1983 may not be imposed merely because a defendant "employs a tortfeasor"). Plaintiff has not alleged any facts suggesting wrongdoing by Defendants Eller or Cox, and the Court finds the individual-capacity claims against them should be dismissed.

As to any claims against Defendants Eller and Cox in their official capacities, the Court notes they are TDOC employees. And suit against TDOC employees in their official capacities is the equivalent of suit against TDOC itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent."). And because the TDOC is an arm of the State of Tennessee, suit against a TDOC employee in his official capacity is suit against the State. *See Hix*, 196 F. App'x at 355 (holding TDOC is equivalent of the "State"). But "a state is not a person within the meaning of §1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989).

4

Also, the Eleventh Amendment typically "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments." *Thiokol Corp. v. Mich. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–01 (1984)). Because there has not been congressional abrogation or waiver of immunity, Plaintiff's claims against Defendants in their official capacities are barred by the Eleventh Amendment. *See, e.g., Quern v. Jordan*, 440 U.S. 332, 345 (1979) (finding § 1983 does not waive state sovereign immunity); *Berndt v. State of Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986) (holding Tennessee has not waived immunity to suit under § 1983). Thus, Plaintiff's suit against Defendants in their official capacities is impermissible and will be dismissed.

### 2. The Claims

The Court otherwise finds Plaintiff's complaint fails to state a claim upon which relief may be granted. The Eighth Amendment's prohibition on "cruel and unusual punishment" "places duties" on prison officials. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Those duties require officials to "take reasonable measures to guarantee the safety of" inmates, *id.* (quoting *Hudson v. Palmer*, 468 U.S. 517, 527–27 (1984)) and to provide for their serious medical needs, *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Deliberate indifference to a prisoner's serious medical needs or risk of injury violates the inmate's rights. *See Estelle*, 429 U.S. at 105; *Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990); *McGhee v. Foltz*, 852 F.2d 876, 880–81 (6th Cir. 1988).

Regarding the risk of injury, it is well settled that not "every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer*, 511 U.S. at 834. Rather, to establish a failure-to-protect claim, "the plaintiff must show that: (1) objectively, he was incarcerated under conditions posing a substantial risk of serious harm; and (2) the official acted with deliberate indifference to inmate safety, meaning the official was subjectively aware of the risk and fail[ed] to take reasonable measures to abate it." *Reedy v. West*, 988 F.3d 907, 912 (6th Cir. 2021) (citations and quotations

5

omitted) (alteration in original).

Plaintiff's timeline is unclear. He was placed in protective custody, but the Court is uncertain whether that placement was in response to Plaintiff being labeled a "snitch," or whether it was in response to his claim that he was sexually assaulted. It appears, though, that Plaintiff was thereafter allegedly assaulted a second time. But Plaintiff does not provide any details as to when and where he was allegedly sexually assaulted, to whom he disclosed that information, and what, if any, steps were taken in response to his disclosure. In short, Plaintiff's complaint does not permit the Court to infer that any named Defendant was subjectively aware that Inmate Mollett posed a substantial risk to Plaintiff and failed to take measures to abate that risk. Therefore, Plaintiff's failure-to-protect claims will be **DISMISSED**.

And as to Plaintiff's claim that he was denied medical treatment, such a claim is also unsupported by any facts. Accordingly, Plaintiff's allegation that he has been denied medical/mental health treatment is impermissibly conclusory, and it will be **DISMISSED**. *See Iqbal*, 556 U.S. at 678 (noting claim is plausible only where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged") (citation omitted).

Plaintiff's remaining claim is that he was not permitted to file charges against Inmate Mollett. However, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Therefore, this allegation fails to state a claim, and it will be **DISMISSED**.

III. **CONCLUSION**

For the reasons set forth above:

1.    Plaintiff's complaint will be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which § 1983 relief may be granted; and

2.    The Court **CERTIFIES** that any appeal from this action would not be taken in good

6

faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**

7